Brinkerhoff, J.
In order to a correct decision of the single question made in this case, it is necessary that we should carefully notice not only what the case is, but also what it is not. The proceeding which we are called on by the petition in error to review, is an action in the nature of a creditor’s bill, brought under section 458 of the code of civil procedure, to subject the choses in action of an insolvent railroad corporation to the payment of a judgment which the plaintiffs below hold against it. These choses in action consist not of negotiable paper transferable in law, but of unpaid subscriptions to the capital stock of the company, and on their face payable to it alone. It is not a case to subject money in the hands of the defendant, Dunbar, and belonging to the company, to the payment of the judgment. With such a case as the latter, we have now and here nothing to do.
Mr. D unbar’s office and functions as a trustee have ceased; they are dead; all just allowances to him for advances made by him, and as compensation for his services while acting in the capacity of trustee, *38 have heen made. He never had any title to these stock subscriptions except as a trustee *for certain strictly defined trusts. These [88 trusts being ended his titled ceased, and such being the case we see no reason why the company might not itself have brought and maintained suit directly against the subscribers to the stock on their subscriptions respectively, without regard to Mr. Dunbar or its former assignment in trust to him. The company is indebted to him for his salary as its president; and as to that claim upon the company, he occupies simply the relation of an ordinary creditor of the company, having no judgment in his favor against it. He has none of the company’s money in his hands, but only happens to be the temporary custodian of evidences of indebtedness by third parties in its favor. In this state of case the plaintiffs, having a judgment against the company, file their creditor’s bill to subject the amount due on the stock subscriptions to the payment of their judgment. This establishes a specific lien in favor of the plaintiffs upon the amount due on the stock subscriptions after all the ends of the trust have been fulfilled, and gives them a preference in equity over other less diligent general creditors in the distribution of the avails of the proceeding. Miers and Coulson v. The Zanesville and Maysville Turnpike Company, 13 Ohio, 197.

Judgment affirmed.

Day, C. J., and Scott and Welch, JJ., concurred.
White, J., did not sit in this case.